COLE v. BANK OF AMERICA
2022 OK 96
Case Number: 118802
Decided: 12/06/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 96, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

DANIEL ROBB COLE, Plaintiff/Appellant,
v.
BANK OF AMERICA, N.A., SHAPIRO & CEJDA, LLC, KIRK J. CEJDA, LESLI J. PETERSON and CARMEKA EDWARDS, Defendants/Appellees.
ON WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION NO. III
¶0 Former homeowner, against whom foreclosure action was dismissed after he succeeded on appeal, brought suit against bank, his former adversary and its attorneys for malicious prosecution. The Honorable Don Andrews, District Judge, dismissed the claims for malicious prosecution and former homeowner appealed. The Court of Civil Appeals, Division III, affirmed. Certiorari was granted and the single issue before us is whether the original action was terminated in Appellant's favor. We hold that it was where (1) former homeowner succeeded on appeal in vacating judgment; (2) the law of the case established that foreclosure judgment against him was inherently defective; and (3) on remand, bank dismissed former homeowner from foreclosure action, then amended petition continuing the action against a different party. 
CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS DIVISION III OPINION VACATED;
DISTRICT COURT OF OKLAHOMA COUNTY JUDGMENT
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
Edward L. White, Kerry D. Green, EDWARD L. WHITE, P.C., Edmond, Oklahoma, and
Sherry Doyle, SHERRY DOYLE, P.L.L.C., Edmond, Oklahoma, for Plaintiff/Appellant,
Joel W. Harmon, Melanie Wilson Rughani, CROWE & DUNLEVY, Oklahoma City, Oklahoma, for Defendant/Appellee, Bank of America, N.A.,
Jack S. Dawson, MILLER DOLLARHIDE, Oklahoma City, Oklahoma, for Defendants/Appellees, Shapiro & Cejda, LLC, Kirk J. Cejda and Lesli J. Peterson.
Edmondson, J.
FACTUAL AND PROCEDURAL BACKGROUND
¶1 Daniel Robb Cole, after a favorable appellate ruling vacating judgment against him, filed this action including claims for malicious prosecution action against Bank of America, N.A. (Bank) and its legal counsel, Shapiro & Cejda, LLC, Kirk J. Cejda, and Lesli J. Peterson (Attorneys). Cole alleged that Bank and Attorneys acted with malice and without probable cause when they filed a foreclosure action against him and obtained judgment for a loan modification agreement defendants knew he had not signed. The details of this prior foreclosure action or "original" action will be discussed later.
¶2 Cole alleged that not only was the prior foreclosure action spurious; but Bank intentionally or recklessly hid the fact of a subsequent loan modification by Cole's former wife, until after judgment was obtained against him. He further alleged that Bank and Attorneys made false and misleading statements in their summary judgment motion when they withheld their knowledge of the loan modification and provided only a copy of the original note which Cole and his former wife had signed. Cole pointed out that Bank and Attorneys repeatedly misled him as well as the trial court to believe that there was only a single operative note. Cole stated that he prevailed on appeal and the trial court was directed to vacate the judgment against him. On the same day the trial court vacated judgment, Bank filed a dismissal without prejudice stating that "said defendant not being a necessary party herein." Cole claimed he is entitled to recover compensatory damages to include attorney fees, time missed from work, damage to his credit score, as well as emotional distress and punitive damages.
¶3 Bank and Attorneys filed motions to dismiss the malicious prosecution claims asserting that Cole could not meet one of the threshold requirements of this tort, successful termination of the original action in his favor. Defendants argued because Bank filed a dismissal without prejudice as to Cole, there had not been a favorable termination as to him. Glasgow v. Fox, , . Defendants argued that under Glasgow, no matter the circumstances, a dismissal without prejudice can never be treated as a favorable termination of the underlying controversy. Defendants did not deny Cole prevailed on appeal or that the Court of Civil Appeals described the judgment against Cole as "inherently defective." The trial court granted the Defendants' motions to dismiss the malicious prosecution action. Cole appealed.
¶4 The Court of Civil Appeals, Division III, affirmed and concluded that under Glasgow, Bank's "dismissal of the foreclosure action without prejudice was not a termination of that suit in Cole's favor which will support his action for malicious prosecution." We disagree.
¶5 Next, we examine the details of the original foreclosure action. Almost two years after Cole and his former wife divorced, she solely executed a loan modification agreement with Bank on the house the couple had previously purchased during marriage. Pursuant to the former couple's divorce decree, former wife was awarded this house together with all financial obligations. Although the original note was jointly signed by the married couple, Cole was not a party to this modified agreement. This agreement was between former wife and Bank. Prior to judgment against Cole, the modified note and its details were never disclosed to Cole or to the trial court. Bank and Attorneys mentioned only a single operative note and provided only a copy of the original note which had been executed by Cole.
¶6 Former wife defaulted on this modified loan. Bank sued to foreclose, naming Cole as a party. On summary judgment, Bank sought judgment against Cole, submitting the original note as evidence of the alleged debt owed by him. Bank was silent about the loan modification. The trial court granted judgment against Cole.
¶7 Cole filed a motion to vacate judgment arguing that it was not supported by the Bank's evidence and the terms recited in the judgment conflicted with the evidence. Cole noted that the interest rate and loan balance differed from that stated in the original loan. Cole suggested that a loan modification had likely been previously executed, and if so, he would not be liable on a modified note he did not sign. Cole also argued there were additional irregularities casting further doubt on the authenticity of Bank's evidence. More than two weeks after this motion was filed, Attorneys for the first time, revealed to Cole's counsel there was a loan modification which Cole did not sign. One month after Cole's motion, and without any payment having been made by him, Bank filed a partial release of judgment, releasing Cole as to any liability on the judgment. Three months after the motion was filed, Bank for the first time provided a copy of the loan modification to the trial court. Although Bank admitted that Cole had not signed this newly produced note, it argued there was no basis to vacate judgment. In fact, Bank suggested that somehow its own failure to disclose this modified note was actually the fault of Cole for failing to conduct discovery. Bank maintained that "Cole was a proper party to this action and properly named and served" and disputed that Cole could be harmed in any way by its actions. In fact, Bank boasted that "Plaintiff has gone above and beyond what it was legally obligated to in order to resolve the issues amicably without incurring additional attorney's fees and costs." Bank resisted all efforts of Cole to vacate judgment. Bank even continued to argue that Cole was liable under the original note, in spite of the fact that the actual note it sought to foreclose was the modified note. This specific legal issue was never at issue in any legal proceeding and it is undisputed that Bank was seeking to foreclose the modified note. The district court denied the motion to vacate. Cole appealed.
¶8 The Court of Civil Appeals reversed the judgment and directed the trial court to grant Cole's motion to vacate judgment. The appellate court also noted that under Goss v. Trinity Sav. & Loan Ass'n, , , when a note signed by a single party is materially altered by a change in the interest rate, the note is extinguished. Although the appellate court was uncertain if Goss would apply to a two-party note that was later unilaterally altered, the court clearly outlined that in order to support judgment, Cole would have had to have authorized the modified note. It is undisputed, Cole did not sign the modification. The appellate court went on to discuss additional irregularities in the record, (1) the failure to swear to the accuracy of the copy of the note, and (2) failure to provide a certified copy of the note. But the court highlighted that even if the copy had been certified, it "was admittedly not a copy of the note sued on." The appellate court then found that the foreclosure action against Cole was inherently defective and that Bank failed to establish the required grounds to foreclose against him. The court also reviewed Cole's appeal of the trial court's denial of his motion for sanctions against Bank. The Court of Civil Appeals found insufficient evidence to support summary judgment against Cole. The appellate court reversed the trial court's refusal to vacate summary judgment and granted Cole's motion to vacate judgment. The court also vacated the trial court's judgment denying sanctions. Cole prevailed on all issues on appeal.
¶9 The trial court vacated the judgment against Cole on remand. On that same day Bank filed a dismissal without prejudice because "said defendant not being a necessary party herein." Bank did not dismiss the foreclosure action, but rather continued by filing an amended petition against the former wife arising out of her default under the modified note. She was the sole named defendant. Bank obtained judgment against former wife.
STANDARD OF REVIEW
¶10 We review the trial court's grant of a motion to dismiss under a de novo standard. Wells v. Oklahoma Roofing and Sheet Metal, LLC, , ¶ 7, , 1024; see also, Wilson v. State ex re. State Election Bd., , . Motions to dismiss are generally disfavored unless there are no facts consistent with the allegations under any cognizable legal theory. Id. We implement plenary, independent, and non-deferential examination of the rulings below. John v. St. Francis Hosp., , ¶ 8, , 685.
LEGAL ANALYSIS
¶11 One of the five elements a plaintiff must prove in a malicious prosecution action is a successful termination in plaintiff's favor in the original action. Neely v. First State Bank, , ¶ 8, , 437. The sole issue before us is whether there is sufficient evidence that Cole can meet this one element, successful termination as to the prior foreclosure action. We apply a case-by-case determination as to whether the dismissal in the original action is a "successful termination" and shows the plaintiff to be without fault. Id. at ¶ 9, 975 P.2d at 437. Factors we consider in making this determination include whether substantive rights of the cause of action were previously determined and whether defendant was vindicated. Glasgow v. Fox, , ¶ 15, , 839.
¶12 We previously considered in Glasgow whether a dismissal without prejudice of an entire action constitutes a "favorable termination" when such dismissal is based solely on procedural grounds, prior to submission of the case to the court or jury. We reasoned that under , such dismissal was not determinative of the substantive issues of the case; rather, it was a dismissal on procedural grounds without merit determination. Glasgow, at ¶ 14, 757 P.2d at 839. We discussed that because the underlying lawsuit could be reinstituted at a later time and found to have merit, this type of dismissal should not be used as a basis to initiate a malicious prosecution action. Following this analysis we concluded:
Therefore, we hold that dismissal without prejudice of the underlying malpractice action was not a termination of the suit in appellant's favor which will support a claim for malicious prosecution. It did not reach the substantive rights of the cause of action and thereby vindicate appellant as to the underlying action. (Emphasis added)
Id. at ¶ 15, 757 P.2d at 839.
¶13 Glasgow does not support the conclusion urged by Bank and Attorneys that a dismissal without prejudice is never a successful termination of a prior action in the context of a malicious prosecution claim. This surface analysis is legally flawed and ignores the following critical differences in the matter before us: 1) there was no dismissal of an action on procedural grounds under ; 2) there was a determination on the merits by an appellate court as to the sufficiency of evidence to support the foreclosure judgment against Cole, no evidence that Cole authorized the modification, which would be required to hold him liable on the modification; 3) Cole was vindicated on appeal as the judgment against him was vacated. Further, Cole's dismissal as a party and the subsequent amended petition, effectively extinguished the claim against Cole as to the loan modification foreclosure action. At the time the dismissal was filed, Bank knew that Cole could not be held liable for a subsequent loan modification he did not authorize, and the only evidence produced established that Cole never signed or authorized the modification.
CONCLUSION
¶14 We find Cole's dismissal in the prior foreclosure action was based on a decision on the merits, and it was not a dismissal on procedural grounds as in Glasgow. We further find that Cole was vindicated on every issue raised in the prior action. We therefore hold that the original action was terminated in favor of Cole where (1) Cole succeeded on appeal in vacating judgment; (2) the law of the case established that foreclosure judgment against him was inherently defective; and (3) on remand, Bank dismissed former homeowner from foreclosure action, then amended its petition continuing the action against a different party. The trial court dismissed the action as to the malicious prosecution claim solely on the basis of the termination issue. The opinion of the Court of Civil Appeals is vacated and the case is remanded to the trial court for further consideration of the other elements of this cause of action and for such other proceedings as are warranted.
CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL
APPEALS DIVISION III OPINION VACATED;
DISTRICT COURT OF OKLAHOMA COUNTY JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
Darby, C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Kuehn, JJ., concur;
Rowe, J., concurs in part, dissents in part;
Kane, V.C.J. (by separate writing), dissents.
FOOTNOTES
 ROA, Doc. #1, Ex. F, Opinion, Ct. Civ. App. - Bank of America v. Daniel Robb Cole, et al., Case No. 116,943.
 Id.
 ROA, Doc. #35, Resp. of Def. Shapiro & Cejda, et al. to Pltf.'s Mot. to Reconsider, Ex. E - Dismissal w/o Prej., April 8, 2019.
 "The plaintiff in a malicious prosecution action has the burden of affirmatively proving five elements: (1) the bringing of an original action by the defendant, (2) its successful termination in plaintiff's favor, (3) want of probable cause, (4) malice, and (5) damages." Glasgow, supra., citing Young v. First State Bank, , .
 stated as follows:
§683. Dismissal of action- Grounds and time An action may be dismissed, without prejudice to a future action:
First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court.
Second, By the court, where the plaintiff fails to appear on the trial.
Third, By the Court, for the want of necessary parties.
Fourth, By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.
Fifth, By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.
Sixth, In all other cases, upon the trial of the action, the decision must be upon the merits.
We discussed in Glasgow, that any dismissal falling within one of the first five listed categories is not determinative of the substantive issues within the case. The analysis of this statute in determining whether or not the dismissal was one that was procedural or upon the merits was central to our decision.
 State ex rel. Simms v. Simmons, 1985 JUD 1, ¶ 6, , 952 (an amended petition constitutes an abandonment of the original petition and prior averments that are not part of the amended pleading).
 ROA, Doc. #1, Ex. F, Opinion, Ct. Civ. App. - Bank of America v. Daniel Robb Cole, et al., Case No. 116,943.

Kane, V.C.J., dissenting:
¶1 Before today, the law in Oklahoma was clear that a voluntary dismissal without prejudice was not an adjudication on the merits for purposes of subsequent malicious prosecution litigation. The Court of Civil Appeals had earlier correctly focused on the fact that the true termination of the prior foreclosure litigation was just such a voluntary dismissal by the foreclosure plaintiff.
¶2 The majority today holds that the dismissal of a prior case which may have been influenced by an unfavorable interim ruling might serve as a "successful termination" in favor of the defendant for purposes of later malicious prosecution litigation.
¶3 While the majority may have accurately predicted the outcome of the former litigation, had it proceeded to trial, this predicted adjudication never actually came to pass. There was no merits adjudication rendered. The issues had not been fully and fairly litigated to final judgment. To reach today's result, we are required to search the record of an earlier litigation and divine whether or not there were any set of facts that might have allowed the litigation to succeed and/or whether the prior plaintiff's motives were meritorious.
¶4 This approach creates ambiguity where the bench and bar previously enjoyed clarity, and it discourages plaintiffs from considering dismissing litigation in which interim rulings fall against them. I respectfully dissent.
FOOTNOTES
 "It is well established in Oklahoma that one of the elements a malicious-prosecution plaintiff must affirmatively prove is a successful termination in his favor of the original action." Glasgow v. Fox, , ¶ 12, , 838.